UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CREDIT DEFAULT SWAPS<br>ANTITRUST LITIGATION | Civil Action No. 1:13-md-02476-DLC<br><br>Hon. Denise L. Cote<br>Mag. Judge Gabriel W. Gorenstein |

**MEMORANDUM IN SUPPORT OF MOTION FOR
APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

Pursuant to the Court's October 29, 2013 Order (MDL Dkt. No. 20), Labaton Sucharow LLP respectfully submits this Memorandum in support of appointment of Interim Co-Lead Counsel in the above-captioned case. Labaton Sucharow has been informed that the firms Scott + Scott LLP, Korein Tillery LLC and Robbins Geller Rudman & Dowd LLP intend to file a joint motion to appoint their three firms as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Labaton supports the appointment of Scott + Scott, Korein Tillery and Robbins Geller Rudman & Dowd as Interim Co-Lead Counsel in this case.

**BACKGROUND**

On August 1, 2013, Labaton Sucharow filed a complaint on behalf of plaintiff Essex Regional Retirement System[1] in the Southern District of New York[2] against the following financial institutions and their co-conspirators: Bank of America, Barclays, Citibank/Citigroup,

---

[1] Essex Regional Retirement System is a pension fund located in Massachusetts. Essex Regional administers the public pension system for 48 local entities, including 19 towns, six school districts, 17 housing authorities and six special districts throughout Essex County, Massachusetts. During the Class Period, Essex Regional was a buy side participant in the market for CDS and entered into transactions for the purchase or sale of CDS with one or more of the Defendants.

[2] On August 7, 2013, Plaintiff voluntarily dismissed its complaint and later re-filed it in the Northern District of Illinois (No. 1:13-cv-05725), where a number of other cases had previously been filed.

Credit Suisse, Deutsche Bank, Goldman Sachs, HSBC, JPMorgan Chase, Morgan Stanley, Royal Bank of Scotland, UBS, Markit Group and ISDA.  In its complaint, Labaton Sucharow alleged that, beginning at least as early as January 1, 2008, and continuing to the present, defendants and their co-conspirators violated Section 1 of the Sherman Act by engaging in anticompetitive conduct in the market for Credit Default Swaps (CDS), including restricting the access of customers and rivals to timely, complete, and accurate CDS price information; delaying entry of a competing CDS clearinghouse; and blocking entry of a CDS exchange-traded platform, all with the purpose and effect of artificially inflating CDS bid-ask spreads to buy and sell CDS in the United States.

As of the filing of this Motion, nine complaints have been filed alleging antitrust claims in the CDS market.  Labaton Sucharow's complaint followed several other firms who made similar claims against generally the same group of Defendants:  *Sheet Metal Workers Local No. 33 Cleveland Dist. Pension Plan v. Bank of Am. Corp., et al.*, No. 1:13-cv-03357, *Unipension Fondsmaeglerselskah A/H et al. v. Bank of Am. Corp., et al.*, No. 1:13-cv-04979, *MF Global Capital LLC v. Bank of Am. Corp., et al.*, No. 1:13-cv-05417, and *LBBW Asset Mgmt. Investmentgeshellschaft mbH v. Citibank, N.A., et al.*, No. 1:13-cv-05413.  Another earlier complaint was filed on July 16, 2013 in the Southern District of New York:  *Value Recovery Fund LLC v. JPMorgan Chase & Co., et al.*, No. 1:13-cv-004928.  Subsequent to Labaton Sucharow's filing, three other complaints were filed, all in the Southern District of New York: *Salix Capital US Inc. v. Bank of Am. Corp., et al.*, No. 1:13-cv-06116, *Los Angeles County Employees Retirement Ass'n v. JP Morgan Chase & Co., et al.*, No. 1:13-cv-07634, and *State Universities Retirement System of Illinois v. Bank of Am. Corp., et al*., No. 13-cv-7964.

The Judicial Panel on Multidistrict Litigation consolidated and transferred the cases to this Court on October 16, 2013.

## ARGUMENT AND AUTHORITIES

I. **THE RULE 23(g) CRITERIA REQUIRE THE COURT TO APPOINT A LEADERSHIP STRUCTURE THAT WILL BEST REPRESENT THE INTERESTS OF THE CLASS**

Under Federal Rule of Civil Procedure ("Rule") 23(g), it is appropriate at this stage of the litigation to appoint interim class counsel to further the efficiencies gained through centralization. Rule 23(g) requires the Court to appoint interim class counsel "best able to represent the interests of the class." The Rule recognizes the importance of an early appointment of interim class counsel to act on behalf of a putative class. Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). While neither Rule 23(g) nor the accompanying Advisory Committee Notes explicitly state the standards to be applied in choosing interim class counsel, courts have held that the same factors that apply in choosing class counsel at the time of class certification apply in choosing interim class counsel. *See In re Bear Stearns Cos. Sec. Derivative & ERISA Litig.*, No. 08 MDL 1963 (RWS), 2009 WL 50132, at *11 (S.D.N.Y. Jan. 5, 2009); *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185-86 (S.D.N.Y. 2008).

Rule 23(g) sets out four factors for a court to consider in selecting class counsel:

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

3

      (iv)    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Here, the law firms of Scott + Scott LLP, Korein Tillery LLC and Robbins Geller Rudman & Dowd LLP satisfy the four factors outlined in Rule 23(g), for the reasons stated in their Motion.  In addition, a three-firm co-lead structure, such as that proposed by Scott + Scott, Korein Tillery and Robbins Geller Rudman & Dowd, is appropriate here given the complexity of the case, the large number of defendants, the fact that defendants are represented by top defense firms with substantial resources, and the vast resources the defendants themselves possess.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court appoint Scott + Scott LLP, Korein Tillery LLC and Robbins Geller Rudman & Dowd LLP as Interim Co-Lead Counsel in this case.

Dated: November 8, 2013

                                          **LABATON SUCHAROW LLP**

                                          /s/ Gregory S. Asciolla
                                          LAWRENCE A. SUCHAROW
                                          GREGORY S. ASCIOLLA
                                          JAY L. HIMES
                                          ROBIN A. VAN DER MEULEN
                                          140 Broadway
                                          New York, NY
                                          Telephone: 212-907-0700
                                          Facsimile:  212-818-0477
                                          lsucharow@labaton.com
                                          gasciolla@labaton.com
                                          jhimes@labaton.com
                                          rvandermeulen@labaton.com

                                          *Counsel for Plaintiff Essex Regional Retirement System*

**LOWEY DANNENBERG COHEN & HART, P.C.**
VINCENT BRIGANTI
White Plains Plaza, One North Broadway
White Plains, NY, 10601-2310
Telephone: 914-997-0500
Facsimile:  914-997-0035
VBriganti@lowey.com

*Of Counsel*