**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(212) 849-7345

WRITER'S INTERNET ADDRESS
danbrockett@quinnemanuel.com

March 24, 2014

VIA ECF

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *In re Credit Default Swaps Antitrust Litigation*, Case No. 13 MD 2476 (DLC)

Dear Judge Cote:

Plaintiffs respectfully submit this letter to seek the Court's permission to serve a set of document preservation and production subpoenas on key third parties in this matter, including the Chicago Mercantile Exchange (CME) and Citadel LLC.  Plaintiffs wish to serve these subpoenas promptly in order to eliminate any uncertainty regarding the obligation of key third parties to preserve materials that are relevant to this litigation, to commence negotiations with these parties regarding their search and production obligations, and to begin receiving categories of documents that these third parties will agree to produce at this time.

Defendants have informed Plaintiffs that, although they do not object to Plaintiffs "issuing preservation notices to non-parties identifying with reasonable specificity the materials to be preserved," they do object to Plaintiffs serving *subpoenas* identifying categories of documents to be *produced*.  The only basis Defendants have provided for these distinctions is that they believe "service of discovery subpoenas and production of documents at this time is inconsistent with the stay of discovery directed by Judge Cote."  Plaintiffs are, however, not aware of any discovery stay in this case that would prevent the service of the proposed third party subpoenas.  Indeed, the Standing Order designating this case for inclusion in the Southern District's Pilot Project Regarding Case Management Techniques for Complex Civil Cases provides that once a motion to dismiss has been filed, "discovery of documents, electronically stored information and tangible things may proceed pursuant to Rule 34 but all other discovery with respect to any claim that is the subject of the motion is stayed pending the Court's decision on the motion."  Federal Rule of Civil Procedure 34(c) authorizes litigants to seek the discovery of documents from

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

nonparties by subpoena pursuant to Rule 45, thereby exempting such subpoenas from the Standing Order's limited discovery stay.

Moreover, the service of these third party subpoenas by Plaintiffs will not impose any significant burden on Defendants, nor will Defendants be burdened if Plaintiffs are able to negotiate for the production of categories of documents from these third parties.  Defendants' position on this matter thus lacks merit and amounts to nothing more than an effort to prevent Plaintiffs from moving this case forward in an efficient manner.[1]

Accordingly, Plaintiffs respectfully request this Court's permission to serve a set of document preservation and production subpoenas on third parties in this matter.

Respectfully submitted,

*/s/ Daniel L. Brockett*

Daniel L. Brockett

---

[1] Plaintiffs have made an effort to commence Rule 26(f) discussions with Defendants, which has similarly been met with delay.  On March 10, 2014, Plaintiffs sent Defendants a list of proposed Rule 26(f) topics for discussion, a proposed Electronically Stored Information protocol, and a proposed Protective Order, and requested a time to meet and confer over the next 10 days.  Defendants declined, however, to meet with Plaintiffs, and instead would only commit to providing written comments to Plaintiffs by April 4, 2014.