## quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7345**

WRITER'S INTERNET ADDRESS
**danbrockett@quinnemanuel.com**

September 16, 2014

<u>VIA ECF AND HAND DELIVERY</u>

Honorable Denise L. Cote
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Room 1610
New York, NY 10007

Re:   *In re Credit Default Swaps Antitrust Litigation*, Case No. 13 MD 2476 (DLC)

Dear Judge Cote:

      We are interim co-lead counsel for Plaintiffs in this matter and respectfully submit this letter on behalf of all parties. Pursuant to the Court's September 4, 2014 Order, and Rule 26(f) of the Federal Rules of Civil Procedure, the parties have met and conferred regarding discovery, scheduling, and settlement in this matter. We are pleased to report that the parties have (with one exception) reached consensus on the Joint Initial Report, attached as Exhibit A. The parties' Stipulation and Proposed Order Regarding the Production of Discovery Material is attached as Exhibit B. The parties' Proposed Stipulated Protective Order is attached as Exhibit C.

      The one exception concerns whether Defendants Markit Group Ltd. and Markit Group Holdings Ltd. (together, "Markit") should be entitled to serve its own set of 25 interrogatories and 50 requests for admission on each of the six named Plaintiffs – in addition to the interrogatories and requests for admission that Defendants may serve collectively. Plaintiffs and Markit briefly address this issue below.

      ***Plaintiffs' Position***.  Plaintiffs have reached agreement with each and every Defendant other than Markit regarding limitations on the number of interrogatories and requests for admission that can be served on any one party. As set forth in Sections VI(C)-(D) of the Joint Initial Report, Plaintiffs have agreed that Defendants may collectively serve up to 40

interrogatories and 75 requests for admission on each Plaintiff.[1]  This is more than adequate, allowing Defendants to serve a total of 240 interrogatories and a total of 450 requests for admission on Plaintiffs.  Markit has, however, taken the position that it should not be subject to the discovery limitations to which every other Defendant has agreed, and seeks leave, instead, to serve an additional 25 interrogatories and 50 requests for admission on each of the six named Plaintiffs.  There is no justification for permitting Markit to serve duplicative and inefficient written discovery in this manner.  Instead, Markit should coordinate with the other Defendants with regard to written discovery – just as every other Defendant in this case has agreed to do.  Defendants, collectively, have more than enough allotted interrogatories and requests for admission to accommodate any legitimate topics for written discovery that Markit may wish to pursue.

*Markit's Position*.  Markit is in agreement with virtually all aspects of the Joint Initial Report.  While Markit would ordinarily join the Joint Initial Report without qualification, it is concerned about losing its independent right to mount a defense in this case.  Because Markit is uniquely featured in the Complaint, it believes that it should have an independent opportunity to probe the allegations directed to it that does not require the approval of other defendants in this case.  See Fed. R. Civ. P. 33(a), 36 (permitting each "party" to propound limited discovery).  Markit, of course, has no intention of serving "duplicative and inefficient written discovery" in this matter.   And to the extent that "group" discovery is sufficient to address the issues that relate to Markit's defenses, Markit would see no need to serve independent discovery.  Thus, in some senses, the issue is premature.   Nonetheless, because the discovery limits are being set now, Markit simply seeks to **reserve the right** granted by the Federal Rules of Civil Procedure to serve limited interrogatories and requests for admission.  In doing so, Markit agrees that plaintiffs would remain free to object to issuance of such discovery once propounded if they felt it was unreasonable or duplicative.  Accordingly, Markit request that this Court clarify, in adopting the Joint Initial Report, that Markit retains its right under Rules 33(a)(1) and 36 to serve its own common set of 25 interrogatories and 50 requests for admission on each Plaintiff, and that plaintiffs retain the right to object to the issuance of any such discovery on any appropriate ground.

The parties look forward to discussing the enclosed materials with the Court at the September 18 pretrial conference.

Respectfully submitted,

/s/ *Daniel L. Brockett*

Daniel L. Brockett

cc:   All counsel (via ECF)

---

[1] The parties have agreed that, for the purposes of the discovery limitations in the Report, there are six Plaintiffs.  See Report § VI(A).