UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x

          :

IN RE CREDIT DEFAULT SWAPS ANTITRUST
LITIGATION

          :    13 Md. 2476 (DLC)

This Document Relates To: All Actions

--------------------------------------------------------------- x

# ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

## 1.    PURPOSES AND LIMITATIONS

       Discovery requests and subpoenas served in the Action may call for the production or disclosure of trade secret or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), or other private or competitively sensitive information for which protection from public disclosure and from use for any purpose other than prosecuting this Action is warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

## 2.    DEFINITIONS

    2.1      Action:  *In re Credit Default Swaps Antitrust Litigation*, 13 md 2476 (DLC), and any and all cases consolidated or coordinated with *In re Credit Default Swaps Antitrust Litigation*, 13 md 2476 (DLC).

    2.2      Party:  any party to the Action, including all of its officers, directors, and employees.

2.3     <u>Non-Party</u>:  any natural person or entity that is not a named party to the Action.

2.4     <u>Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained from any Party or Non-Party during discovery in this Action.

2.5     <u>Confidential Material</u>:  any Producing Party (as defined below) may, subject to the provisions of this Order, designate as "Confidential" any Discovery Material that the Producing Party reasonably and in good faith believes constitutes and reveals confidential trade secrets, proprietary business information, non-public personal, client or customer information concerning individuals or other entities.

2.6     <u>Privileged Material</u>:  Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege or immunity from disclosure.

2.7     <u>Highly Confidential Material</u>:  any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential," if the Producing Party reasonably and in good faith believes the Discovery Material contains (i) trade secrets or other information that the party

reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; or (ii) material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.

2.8     <u>Producing Party</u>:  any Party or Non-Party that produces Discovery Material in this Action.

2.9     <u>Receiving Party</u>:  any Party or Non-Party that receives Discovery Material from a Producing Party.

2.10    <u>Designating Party</u>:  any Party or Non-Party that designates Discovery Material as "Confidential" or "Highly Confidential."

2.11    <u>Protected Material:</u>  any Discovery Material that is designated as "Confidential" or "Highly Confidential"; *provided, however*, that "Protected Material" does not include information that is publicly available (except information that became publicly available as a result of a breach of this Order or any other confidentiality agreement or undertaking).

2.12    <u>Outside Counsel of Record</u>:  attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party counsel of record in connection with this Action.

2.13    <u>In House Counsel</u>:  attorneys and other personnel employed by a Party to perform legal functions who are responsible for overseeing this Action.

2.14        Counsel (without qualifier):  Outside Counsel and In House Counsel.

2.15        Expert and/or Consultant:  a person with specialized knowledge or experience

            in a matter pertinent to this Action, along with his or her employees and

            support personnel, who has been retained by a Party or its Counsel to serve as

            an expert witness or as a consultant in this Action, and who is not currently an

            employee of a Party and who, at the time of retention, is not anticipated to

            become an employee of a Party.  This definition includes a professional jury

            or trial consultant retained in connection with this Action.

2.16        Professional Vendors:  persons or entities that provide litigation support

            services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or

            demonstrations; organizing, storing, or processing data in any form or medium)

            and their employees and subcontractors.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in settings that might reveal Protected Material.  However, except as set forth in Section 12.2, this Order shall not be construed to cause any Counsel to produce, return, and/or destroy their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action.

**4.     DURATION**

The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Designating Bulk Material for Protection:  In order to expedite production of voluminous materials, a Designating Party may, at its sole option, but is not required to, produce materials without a detailed review, subject to the "claw back" procedures in this Order (Section 12) or as otherwise agreed to.  In doing so, the Designating Party may designate those collections of documents that by their nature contain Confidential or Highly Confidential Material with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation.  The materials that may be so designated shall be limited to such categories as the Parties agree to in writing or the Court orders.  Notwithstanding the foregoing, a Receiving Party may at any time, when it has a good faith basis for believing that one or more particular documents do not contain Confidential or Highly Confidential Material, challenge the designation of one or more particular documents on the grounds that it or they does not or do not qualify for protection, or does not or do not qualify for the level of protection initially asserted.  If the Designating Party agrees, it must promptly notify all Receiving Parties that it is withdrawing or changing the designation.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)   <u>for information in non-native documentary form (including transcripts of depositions taken in other proceedings)</u>, that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document, and include the confidentiality designation in the metadata produced for such document.

(b)   <u>for deposition transcripts and/or exhibits in this Action</u>, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be covered by the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 5.3 (Inadvertent Failures to Designate). If all or a part of a videotaped deposition is

designated as "Confidential" or "Highly Confidential," the DVD, plus any container, shall be so labeled.

(c)  <u>for information produced in electronic, audio, or video format, for bulk productions of documents produced in native format</u> (other than Excel documents), and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the exterior of the container or containers in which the information or item is stored and/or on the document.  Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the producing party, such Receiving Party shall mark the hard copy by affixing the legal "Confidential" or "Highly Confidential" to each page of such document.

(d)  <u>for documents produced in native format,</u> that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on the placeholder page.

(e)  <u>for interrogatory answers and responses to requests to admit,</u> and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to production.

(f)     for reports created by an expert or consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

5.3     Inadvertent Failures to Designate:  If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number) the affected material and its new designation or re-designation.   Thereafter, the material so designated or re-designated will be treated as Protected Material in conformity with the new designation or re-designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.  If material is re-designated "Confidential" or "Highly Confidential" after the material was initially produced, each  Receiving Party, upon notification of the designation,

must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4      In the event that more than one Designating Party designates the same Protected Material with different levels of confidentiality, all copies of the Protected Material shall by treated as having the highest level of confidentiality designated by any Designating Party.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      <u>Meet and Confer</u>:  If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.

6.2      <u>Judicial Intervention</u>:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 6.1, above, the party challenging the designation may seek relief from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event that the final ruling is that the challenged material's

designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) business days of the ruling.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action.   Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of actions and transactions at issue in the Action.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of this Action, each Receiving Party must comply with the provisions of Section 10, below.

7.2      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is reasonably limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security, shall be deemed a secure location.

7.3      Disclosure of Confidential Material:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)    the Receiving Party's Counsel;

(b)    in addition to In House Counsel, and to the extent that such disclosure is reasonably necessary for the Action, four current officers, directors, or employees of each Receiving Party who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(c)    Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(d)    the Court and its personnel, subject to the requirements of Section 9, below;

(e)    special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(f)    court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)    the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)     a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(i)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.4       <u>Disclosure of Highly Confidential Material</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)       the Receiving Party's Outside Counsel;

(b)       Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action;

(c)       the Court and its personnel, subject to the requirements of Section 9, below;

(d)       special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)      court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(f)      the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(g)      a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing party's

claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the witness is explicitly informed by Outside Counsel for the party seeking to use the Protected Material that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)    relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(i)    any other person agreed to by the Designating Party in writing; and

(j)    any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 15 below.

7.5    <u>Retention of Exhibit A</u>:   Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties upon good cause shown.

7.6     Retention of Protected Material:  Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 7.3 (g), (h), and (j), who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in Sections 7.4 (f), (g), and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery of the disclosure by Counsel, (a) notify in writing the Designating Party of the unauthorized disclosures, (b) make commercially reasonable efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound by Protective Order" (Exhibit A).  The Parties agree that irreparable harm would occur in the event of unauthorized disclosure of Protected Material.  Accordingly, the Parties shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Protected Material.

**9.      FILING PROTECTED MATERIAL**

In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office any Protected Material, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in accordance with the Court's Individual Practice Rules with a request that the documents be filed under seal in accordance with the rules of the Court, and kept under seal until further order of the Court.  Where possible, only confidential portions of filings with the Court shall be inscribed with the phrase: "Confidential - Subject to Court Order."

Each Party is authorized hereunder to file a request that any Discovery Materials and/or portions thereof be filed under seal in accordance with this Order and the Court's Individual Practices.   Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal.

**10.     FINAL DISPOSITION**

10.1     Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material.  In either case, the Receiving Party shall provide the Designating Party with a certification stating that it has taken commercially reasonable efforts to destroy or return the Confidential or

Highly Confidential documents, except for (i) such information or material that was transmitted electronically and whose removal or destruction from a Party's electronic systems would violate applicable federal or state law, rule or regulation, or policies and procedures reasonably designed to ensure compliance with such law, rule or regulation, and that (ii) information saved on backup media in an electronically stored format will be certified to have complied with the 60-day destruction period if the Party has a data destruction policy for the backup media resulting in the eventual destruction or overwriting of the electronically stored information.

10.2    If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority.  Notwithstanding this provision, as to those materials designated as Confidential or Highly Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material.  Any

such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order until the Producing Party agrees otherwise in writing or this Court orders otherwise.

10.3    This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action.   No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## 11.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own Confidential Material or Highly Confidential Material.

## 12.    CLAW BACK OF PRIVILEGED MATERIAL

12.1    In order to claw back Privileged Material that was produced inadvertently or was produced pursuant to Section 12.4, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

20

12.2     Upon notice that a Producing Party wishes to claw back Discovery Material
protected as Privileged Material that was produced inadvertently or was
produced pursuant to Section 12.4, the Receiving Party shall promptly
undertake commercially reasonable efforts to return to the Producing Party
and destroy all summaries or copies of such Privileged Material
(notwithstanding the final sentence of Section 3 regarding a Receiving Party's
own work product that reflects the Protected Material referred to in this
Section), shall provide notice in writing that the Receiving Party has
undertaken reasonable efforts to return and destroy such Privileged Material,
and shall not use such items for any purpose until further order of the Court.
In all events, such return, destruction, and certification must occur within ten
(10) business days of receipt of the request, unless the Receiving Party
provides notice of its intent to challenge the assertion of a claim of protection
under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the
Receiving Party may retain no more copies (the "Retained Copies") of the
disclosed material than are sufficient to prosecute its challenge to the assertion
of protection.  Having provided a Challenge Notice, the Receiving Party must
raise a challenge with the Court within forty-five (45) days of that Challenge
Notice, or otherwise return or destroy the Retained Copies within that period.
Moreover, in the event a Challenge Notice is provided, the Receiving Party
shall make no use of the Discovery Material subject to the request for return
other than in connection with the Receiving Party's prosecution of its
challenge to the assertion of privilege, until the Challenge is resolved.

However, the Receiving Party may request an extension of the deadline for the return or destruction of Retained Copies, and such extension shall not be unreasonably withheld.  For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws *after* return or destruction of the Retained Copies. Within twenty-one (21) business days of the notification that reasonable efforts have been taken to return or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to the Privileged Material.  The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information was never privileged; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over their status.

12.3    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may at its sole election (a) allow the document to be used in the deposition without waiver of its claim of privilege or work-product protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product

protected status.  If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to address the claim of privilege or other protection, including the notice requirement set forth in Section 12.1.  Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential Material.  If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court.  If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which in the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party shall be within thirty (30) calendar days of said determination, and in the case of other non-Party witnesses shall be at the earliest practicable time for the witness and its counsel.

12.4       In order to facilitate expeditious production of voluminous documents, a Producing Party may, at its sole option, but is not required to, produce voluminous materials without detailed, or any, review to determine whether a privilege or other immunity from discovery applies to some of the documents.

The materials that may be so produced shall be limited to such categories as the Parties agree to in writing or the court orders. Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure, pursuant to Rule 502(d), shall not be deemed a waiver – in the Action or in any other proceeding, including in federal or state proceedings – of any applicable privilege or protection.

## 13.    USE OF DESIGNATED MATERIAL AT TRIAL

The undersigned agree to meet and confer concerning the use of any Protected Material at hearings or at the trial of this Action not fewer than five (5) business days prior to any such hearing or trial. Where a hearing or trial is scheduled on less than five (5) business days' notice, the Parties agree to meet and confer as soon as practicable after receiving notice, but in any event, not fewer than 24 hours in advance of the hearing or trial. The use of Protected Material at hearings or at trial shall not cause such Protected Material to lose its status as Protected Material.

## 14.    ATTORNEY RENDERING ADVICE

Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice; *provided*, *however*, that, in rendering such advice or in otherwise

communicating with his or her client, the attorney shall not reveal or disclose the specific content

of Protected Material if such disclosure is not otherwise permitted under this Order.

**15.     LEGAL PROCESS**

If a Receiving Party is served with a discovery request, subpoena, or an order

issued in other litigation, or receives some other form of legal process or request from any court,

federal or state regulatory or administrative body or agency, legislative body, self-regulatory

organization or other person or entity purporting to have authority to require the production

thereof, that seeks disclosure of any information or items designated in this Action as

"Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted

by law and the rules, requirements or requests of any relevant governmental or self-regulatory

organization, the Designating Party, in writing (by fax or electronic mail, if possible), and

include with that notice a copy of the discovery request, subpoena, order, or other form of legal

process as soon as reasonably practicable and in any event no later than ten (10) business days

after receipt unless production is required earlier, in which case the notice must be made in time

for the Designating Party to take steps as set forth below.

The Receiving Party also must promptly inform the party that caused the

discovery request, subpoena, order, or other form of legal process or request to issue that some or

all of the material covered by the subpoena or order is the subject of this Order.  In addition,

the Receiving Party must deliver a copy of this Order promptly to the party in the other matter

that caused the discovery request, subpoena, order, or other form of legal process or request to

issue.   To the extent consistent with the rules, requirements or requests of any relevant

governmental or self-regulatory organization, the Receiving Party shall not produce the

requested Protected Material unless and until a court of competent jurisdiction so directs, except

if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request confidential treatment for the Confidential or Highly Confidential Material.

The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.  Nothing in these provisions should be construed as authorizing, requiring or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

16.    **NON-PARTIES**

Any Party, in conducting discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein.   If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.   Under such circumstances, the Non-Party shall have the same rights and obligations under the Order as held by the Parties to this Action.

17.    **NOTICES**

All notices required by this Order must be provided in writing to Counsel of Record for each Party and, if applicable, in writing to a Non-Party.   Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

18.    **AMENDMENT OF ORDER**

Nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown.   Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis under the standards set forth in Fed. R. Civ. P. 26(c).

19.    **MISCELLANEOUS**

19.1        Right to Assert Other Objections:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground, including

27

confidentiality.  Similarly, no Producing Party waives any right to object on
any ground to the admissibility or use in evidence of any of the material
covered by this Order.

19.2        <u>Governing Law</u>:  Except to the extent that federal law may be applicable, this
Order is governed by, interpreted under, and construed and enforced in
accordance with the laws of the State of New York, without regard to conflict
of law principles.  Any dispute between the parties regarding this Order
shall be resolved by making an appropriate application to this Court in
accordance with the Rules of the Court and other applicable rules.

So ordered.

_Denise Cote_

9/18/14

## EXHIBIT A

### Agreement to Be Bound by Protective Order

I have been informed that on _____, 2014, the U.S. District Court for the Southern District of New York entered a protective order in litigation titled *In re Credit Default Swaps Antitrust Litigation*.  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the protected order, including my receipt or review of information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."


_____
(Signature)


_____
(Printed Name)


_____
(Title or Position)


_____
(Company)


Dated: _____

SO ORDERED.


Dated: _____, 2014

 

_____
Hon. Denise L. Cote
United States District Judge