# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512
ROBERT.WISE@DAVISPOLK.COM

January 16, 2015

**BY ECF**

Re:   *In re Credit Default Swaps Antitrust Litigation*,
       1:13-md-2476 (DLC)

Honorable Denise Cote
United States District Judge
United States Courthouse
500 Pearl Street, Room 1610
New York, New York 10007-1312

Dear Judge Cote:

We write on behalf of all defendants in response to plaintiffs' letter of January 13, 2015 seeking the Court's permission to file a motion for an order prohibiting defendants from contacting putative class members about this litigation or, in the alternative, requiring defendants to provide plaintiffs with one-week prior notice before any such contact is initiated. The parties conferred on this issue last fall after plaintiffs requested advanced notice of any defense contacts with absent class members, who are sophisticated institutional clients with whom many of the defendants routinely interact. Defendants set forth their position in a November 18, 2014 letter to which plaintiffs never responded, and that they do not mention anywhere in their current filing.

For the reasons below, plaintiffs' position is unsupported and their motion request should be denied. Prior to certification, it is appropriate to limit defendants' contact with putative class members *only* if there is clear evidence that defendants' communication are inherently coercive or misleading. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102 (1981). As explained below, there is no such evidence here. Moreover, to obviate any possible issue, defendants offered to initiate contact with absent class members concerning this litigation only through counsel. Plaintiffs refused to accept that offer unless defendants agreed to provide plaintiffs with several days' advanced notice of any intended contact. Defendants believe that any such notice is neither necessary under the applicable law nor appropriate given the sophistication of absent class members.

Federal Rule of Civil Procedure 23(d)(1)(C) does not justify, let alone require, the limitation plaintiffs seek. The Supreme Court has held that district courts may limit communications between counsel and absent class members only where there is "a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil*, 452 U.S. at 101-102.

Honorable Denise Cote                         2                         January 16, 2015

Similarly, courts in the Second Circuit have limited counsel's right to communicate with absent class members only when necessary to prohibit misleading or false communications or where the vulnerability of class members made such contact inherently coercive. *See, e.g., Dodona I, LLC v. Goldman, Sachs & Co.*, 300 F.R.D. 182, 186 (S.D.N.Y. 2014) (collecting cases). Accordingly, no such safeguards are necessary where the class members are sophisticated financial institutions, even after a class has been certified. *See id.*[1]

These principles apply here. The putative class members are, according to the complaint, "pension funds, university endowment funds, hedge funds, insurance companies, corporate treasuries, fiduciary and depository institutions, small banks, and money managers." (Dkt. 286 ¶ 3.) All are sophisticated entities, and most are large CDS buyers that have ongoing, routine business relationships with multiple dealer defendants. Moreover, defendants offered the additional (though not required) protection that any contact with CDS customers regarding this litigation would be made through internal or outside counsel for the particular customer, and defendants remain willing to comply with that offer. Further limits on defense contacts with absent putative class members are not justified in such circumstances. *Compare Dodona, supra* (refusing to limit contact between defense counsel and "sophisticated, institutional class members" where communications were made through counsel)*, with, e.g., Urtubia v. B.A. Victory Corp.*, 857 F. Supp. 2d 476, 483-85 (S.D.N.Y. 2012) (limiting direct contact between defense counsel and members of a putative class of "waiters," "dishwashers," "runners and busboys" based on testimony from one absent class member that after the case was filed a defendant had "threatened to have him reported to immigration authorities and possibly deported"). Like *Urtubia*, the cases cited by plaintiffs involve far less sophisticated individuals who are much more likely to be intimidated by legal counsel.

Plaintiffs cite no contacts by defendants with absent class members that would justify imposing the limitations they request. The August 2014 *Reuters* article they point to discusses commercial pressures and considerations in the marketplace, not coercion or intimidation in connection with litigation. It provides no specifics, does not identify its sources, and does not allege any improper communication concerning this or any other litigation. It falls well short of the showing required by the cases to impose restrictions.

Defendants remain committed to initiating contact with absent class members through counsel. There is no basis for additional restrictions. An order prohibiting, or limiting by advance notice, contacts is unnecessary to protect the sophisticated absent class members here and would seriously interfere with defendants' informal information-gathering process, while supplying plaintiffs with information and insight into defendants' litigation preparation and strategy to which they are not entitled.

---

[1] The applicable ethical rule, New York Rule of Professional Conduct 4.2, also does not prohibit contact with absent class members and plaintiffs' filing does not invoke this rule. "[P]utative class members are not represented parties for purposes of the Model Rules *prior to certification of the class and the expiration of the opt-out period*." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 07-445 (Apr. 11, 2007) (emphasis added); *see also Velez v. Novartis Pharm. Corp.*, No. 04 Civ. 9194(CM), 2010 WL 339098 (S.D.N.Y. Jan. 26, 2010) (N.Y.R.P.C. 4.2. applies only "[a]fter a court has certified a case as a class action and the time for exclusions has expired") (citing *5 Newberg on Class Actions* 15.18 (4th ed. 1992)).

Honorable Denise Cote                    3                    January 16, 2015

Respectfully yours,

*/s/ Robert F. Wise*

Robert F. Wise

cc:     All counsel (by ECF)

Davis Polk & Wardwell LLP