*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :

IN RE:  CREDIT DEFAULT SWAPS
ANTITRUST LITIGATION          :    Master Docket No.:  13 MD 2476 (DLC)

This Document Relates To:  All Actions   :

                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## STIPULATION AND AGREEMENT OF SETTLEMENT WITH
## BARCLAYS BANK PLC

Exhibit B

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

## 1.   RECITALS

This Stipulation and Agreement of Settlement ("Agreement") is made and entered into on September 30, 2015 ("Execution Date"), between (i) on the one hand, Co-Lead Counsel in the Action, as defined below, on behalf of Plaintiffs Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System (collectively, "Class Plaintiffs"), for themselves individually and, subject to Court approval, on behalf of all Settlement Class Members as defined herein, and, (ii) on the other hand, Defendant Barclays Bank PLC ("Settling Defendant").   Class Plaintiffs and Settling Defendant are collectively referred to herein as the "Parties."   This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof.

WHEREAS, beginning in and around May 2013, numerous putative class actions were filed against Settling Defendant and other Defendants, including *Sheet Metal Workers Local No. 33 Cleveland District Pension Plan v. Bank of Am. Corp., et al.*, No. 1:13-cv-03357 (N.D. Ill.) on May 3, 2013 (the "Initial Actions");

WHEREAS, on October 16, 2013, the U.S. Judicial Panel on Multidistrict Litigation transferred those Initial Actions to the United States District Court for the Southern District of New York for coordinated or consolidated proceedings before Judge Denise Cote;

WHEREAS, on December 13, 2013, the Court ordered that the Initial Actions, together with additional related actions that had subsequently been filed, be consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, appointed Salix Capital US, Inc. and Los Angeles County Employees Retirement Association as Lead Plaintiffs,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

appointed Quinn Emanuel Urquhart & Sullivan, LLP as "Lead Counsel for Lead Plaintiffs" and the putative class, and further appointed Pearson, Simon & Warshaw, LLP as "Co-Lead Counsel" (these two firms are referred to collectively herein as "Co-Lead Counsel");

WHEREAS, on January 31, 2014, Class Plaintiffs filed a Consolidated Amended Class Action Complaint against Defendants asserting claims under Sections 1 and 2 of the Sherman Act and for unjust enrichment;

WHEREAS, on March 14, 2014, Defendants moved to dismiss the Consolidated Amended Class Action Complaint;

WHEREAS, on April 11, 2014, Class Plaintiffs filed a Second Consolidated Amended Class Action Complaint again asserting claims against Defendants under Sections 1 and 2 of the Sherman Act and for unjust enrichment;

WHEREAS, on May 23, 2014, Defendants moved to dismiss the Second Consolidated Amended Class Action Complaint;

WHEREAS, on September 4, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss the Second Consolidated Amended Class Action Complaint, dismissing Lead Plaintiffs' claim for violation of Section 2 of the Sherman Act and certain claims for damages, but permitting the case to proceed as to Lead Plaintiffs' claims for violation of Section 1 of the Sherman Act and unjust enrichment;

WHEREAS, Settling Defendant has vigorously denied and continues vigorously to deny each and all of the claims and allegations of wrongdoing made in the Action and all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

WHEREAS, Co-Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, that: (1) it is in the best interest of the Settlement Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein, including the value of the Settlement Amount to be paid by Settling Defendant under this Agreement, are obtained for the Settlement Class; and (2) the settlement set forth in this Agreement is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23 and in the best interests of the Settlement Class;

WHEREAS, Settling Defendant, while denying that it has any liability for the claims asserted against it in the Action, and believing that it has good defenses to those claims, but recognizing that continued litigation of the Action is likely to be extraordinarily expensive and time-consuming for it, has agreed to enter into this Agreement to avoid the further expense, inconvenience, risk and distraction of burdensome and protracted litigation, and thereby to put fully to rest with finality this controversy by obtaining complete dismissal of the Second Consolidated Amended Class Action Complaint as to Settling Defendant and a release by Settlement Class Members of all Released Claims;

WHEREAS, this Agreement is the product of arm's-length negotiations between Co-Lead Counsel and Settling Defendant's Counsel, and this Agreement embodies all of the terms and conditions of the settlement agreed upon between Settling Defendant and Class Plaintiffs, both for themselves individually and on behalf of the Settlement Class and each member thereof;

NOW, THEREFORE, in consideration of the covenants, terms, and releases in this Agreement, it is agreed, by and among Class Plaintiffs (for themselves individually and on behalf of the Settlement Class and each member thereof), by and through Co-Lead Counsel, and Settling Defendant that, subject to the approval of the Court, the Action be settled, compromised,

4

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

and dismissed with prejudice as to Settling Defendant and the other Released Parties only, without costs, except as stated herein, and releases and covenants not to sue be extended, as set forth in this Agreement.

## 2.    DEFINITIONS

As used in this Agreement, the following capitalized terms have the meanings specified below:

(a)    "Action" means *In re Credit Default Swaps Antitrust Litigation,* No. 13-MD-2476, which is currently pending in the United States District Court for the Southern District of New York, and includes all actions filed in or transferred to the United States District Court for the Southern District of New York and consolidated thereunder and all actions that may be so transferred and/or consolidated in the future.

(b)    "Agreement" means this Stipulation and Agreement of Settlement, together with any exhibits attached thereto, which are incorporated herein by reference.

(c)    "Authorized Claimant" means any Settlement Class Member who will be entitled to a distribution from the Settlement Fund pursuant to a plan of distribution ultimately approved by the Court.

(d)    "CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures.

(e)    "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the-counter ("OTC") or via inter-dealer brokers, a centralized clearinghouse, a central limit order book ("CLOB"), an exchange, a swap execution facility (SEF), or any other

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS. "Potential CDS Transaction" means any CDS Transaction for which an offer or quote was obtained or sought, regardless of whether such transaction was actually entered into or executed with the party from which such offer was obtained or sought.

(f)     "Class Plaintiffs" means Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

(g)     "Co-Lead Counsel" means Quinn Emanuel Urquhart & Sullivan, LLP and Pearson, Simon & Warshaw, LLP.

(h)     "Court" means the United States District Court for the Southern District of New York.

(i)     "Covered Transaction": A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances: (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (*e.g.*, had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such purchase or sale otherwise falls within the scope of the U.S. antitrust laws.

(j)     "Defendants" means Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; J.P. Morgan Chase & Co. and J.P. Morgan Chase Bank, N.A.;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC; Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit"); and any other Person or Persons who are named as defendants in the Action at any time up to and including the date a Preliminary Approval Order is entered. "Dealer Defendants" means all of the foregoing with the exception of ISDA and Markit.

(k)      "Effective Date" or "Effective Date of Settlement" means the first business day following the date the Final Judgment and Order of Dismissal has become final and unappealable, either because (i) the prescribed time for commencing any appeal has expired and no appeal has been filed; or (ii) an appeal has been filed and either (1) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (2) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Paragraph, an appeal includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise.  The finality of the Final Judgment and Order of Dismissal shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

(l)      "Employee Benefit Plan" means any employee benefit plan within the meaning of Section 3 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (2014).

(m)      "Escrow Agent" means Signature Bank.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(n)    "Fairness Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Agreement shall receive final approval pursuant to Fed. R. Civ. P. 23.

(o)    "Fee and Expense Application" has the meaning given to it in Paragraph 8(a).

(p)    "Final Judgment and Order of Dismissal" means the order of the Court finally approving the Settlement set forth in this Agreement and dismissing the claims of Class Plaintiffs and all Settlement Class Members against Settling Defendant, which is to be identical in all material respects to the form attached hereto as Exhibit B or as modified by agreement of the Parties.

(q)    "Final Order Date" means the date the Court enters the Final Judgment and Order of Dismissal.

(r)    "Investment Vehicles" means any investment company or pooled investment fund, including, but not limited to:  (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

(s)    "Notice" means the Notice of Proposed Settlement of Class Action to be provided to the Class in a manner acceptable to the Parties and approved by the Court.

(t)    "Parties" means Settling Defendant and Class Plaintiffs.

(u)    "Person" means any individual or entity.

8

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(v)     "Preliminary Approval Order" means an order of the Court that is in all material respects substantially the same as the form attached hereto as Exhibit A, and which preliminarily approves the settlement set forth in this Agreement and directs Notice thereof to the Settlement Class.

(w)     "Released Claims" shall have the meaning specified in Paragraph 4(d) below.

(x)     "Released Parties" means Settling Defendant and all of its respective past, present, and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and all of their respective officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, shareholders, advisors, and assigns. Released Parties does not include any of the other Defendants.

(y)     "Releasing Parties" means individually and collectively each Settlement Class Member, on behalf of themselves and any of their respective past, present, or future officers, directors, stockholders, agents, employees, legal representatives, partners, associates, trustees, parents, subsidiaries, divisions, affiliates, heirs, executors, administrators, purchasers, predecessors, successors, and assigns, regardless of whether the Settlement Class Member submits any claim for payment or receives any such payment pursuant to any claims process that may be established and approved by the Court. In the case of a Settlement Class Member that is an Employee Benefit Plan (or a fiduciary acting on behalf of an Employee Benefit Plan), the terms of this Agreement shall bind the Employee Benefit Plan and all Persons who may have any

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

claim by reason of their relationship with the Employee Benefit Plan, including all of its fiduciaries, beneficiaries and participants.

(z)     "Second Consolidated Amended Class Action Complaint" means the Second Consolidated Amended Class Action Complaint filed in the Action on April 11, 2014.

(aa)    "Settlement" means the settlement and related terms between the Parties as set forth in this Agreement.

(bb)    "Settlement Amount" means the sum of USD $178,000,000.

(cc)    "Settlement Class" has the meaning given to it in Paragraph 3(a).

(dd)    "Settlement Class Member" means a Person who is a member of the Settlement Class and has not timely and validly excluded himself, herself, or itself from the Settlement Class in accordance with the procedures established by the Court.

(ee)    "Settlement Class Notice" means, collectively, the Notice and Summary Notice.

(ff)    "Settlement Fund" means the escrow account established pursuant to Paragraph 5(a) of this Agreement, including all monies held therein in accordance with the terms of this Agreement.

(gg)    "Settling Defendant" means Barclays Bank PLC.

(hh)    "Settling Defendant's Counsel" means Cahill Gordon & Reindel LLP, at the address listed in the signature block below.

(ii)    "Settling Defendant's Claims" means all claims that any Settling Defendant may have against any Class Plaintiffs and Co-Lead Counsel relating to the institution, prosecution, or settlement of the Action, except for claims to enforce any terms of this Agreement and any order of the Court related to this Agreement.  Settling Defendant's Claims include claims against the Class Plaintiffs and Co-Lead Counsel relating to the institution, prosecution, or settlement of the

Action which a Settling Defendant does not know or suspect to exist in its favor as of the Effective Date, which if known by Settling Defendant might have affected its decision(s) with respect to the Settlement. With respect to any and all Settling Defendant's Claims against any and all Class Plaintiffs and Co-Lead Counsel, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Settling Defendants have expressly waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule, regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that has the effect in whole or part of, Section 1542 of the California Civil Code, as described below.

(jj)     "Summary Notice" means the summary notice of proposed settlement and hearing for publication acceptable to the Parties and approved by the Court.

(kk)     "Taxes" has the meaning given to it in Paragraph 10.

(ll)     "Unknown Claims" means any and all Released Claims against the Released Parties which a Releasing Party does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Party might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims against any and all Released Parties, the Parties stipulate and agree that, by operation of the Final Judgment and Order of Dismissal, upon the Effective Date, Releasing Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived, and by operation of the Final Judgment and Order of Dismissal shall have expressly waived, the provisions, rights and benefits of Cal. Civ. Code § 1542 or any federal, state or foreign law, rule,

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

regulation or common-law doctrine that is similar, comparable, equivalent or identical to, or that

has the effect in whole or part of, Section 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**3.     SETTLEMENT CLASS CERTIFICATION**

(a)     The Class Plaintiffs will seek, and Settling Defendant shall not oppose, the

Court's certification of a class as to Settling Defendant for settlement purposes only (the

"Settlement Class") pursuant to Fed. R. Civ. P. 23(b)(3), which Settlement Class as to Settling

Defendant shall be defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any purported co-conspirator, in any Covered Transaction.  Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of the Agreement) and all of their respective officers, directors, management, employees, current subsidiaries, or affiliates, as well as any Person whose exclusion is mandated by law, provided that the foregoing exclusions shall not cover Investment Vehicles.

(b)     The Parties' agreement as to certification of the Settlement Class is only for

purposes of effectuating this Settlement as to Settling Defendant, and for no other purpose.

Settling Defendant retains all of its objections, arguments, and defenses with respect to any other

request for class certification, and reserves all rights to contest class certification if the

Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's

approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or

if the Settlement set forth in this Agreement otherwise fails to proceed for any other reason.  The

Parties acknowledge that there has been no stipulation to a class or certification of a class for any

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

purpose other than effectuating the Settlement, and that, if the Settlement set forth in this Agreement does not receive the Court's final approval, if the Court's approval is reversed or vacated on appeal, if this Agreement is terminated as provided herein, or if the Settlement set forth in this Agreement otherwise fails to close for any other reason, then this Agreement as to certification of the Settlement Class becomes null and void *ab initio*, and neither this Agreement nor any other Settlement-related statement may be cited in support of an argument for certifying a class related to this proceeding.

4.   **DISMISSALS, RELEASES, AND COVENANTS NOT TO SUE BY CLASS PLAINTIFFS AND THE SETTLEMENT CLASS MEMBERS**

(a)   Subject to Court approvals, Class Plaintiffs agree, on behalf of themselves and the Settlement Class Members, that this Agreement shall be in full and final disposition of: (i) the Action against Settling Defendant; and (ii) any and all Released Claims as against all Released Parties.

(b)   Upon final approval of the Settlement reflected in this Agreement, and as part of the entry of the Final Judgment and Order of Dismissal, the Action shall be dismissed with prejudice as to Settling Defendant.

(c)   The Class Plaintiffs and all Settlement Class Members shall release and shall be deemed to have released all Released Claims against all the Released Parties.  In connection therewith, upon the Effective Date of Settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

prosecuting in any forum any Released Claim against any of the Released Parties; and

(iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

(d)  "Released Claims" means any and all manner of claims, causes of action, cross-claims, counterclaims, suits, demands, actions, rights, charges, liabilities, losses, obligations, and controversies of any kind, nature, or description whatsoever, whether known or unknown, accrued or unaccrued, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, direct or derivative, including "Unknown Claims" as defined above, whether class, individual, representative, or otherwise in nature, whether arising in law or equity or under any statute, regulation, ordinance, contract, or otherwise, for damages, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, whenever incurred, or for injunctive, declaratory, or other equitable relief, arising from or relating in any way to any conduct, acts, transactions, events, communications, occurrences, statements, omissions, or failures to act (i) occurring prior to June 30, 2014, that are alleged or that could have been alleged in the Action relating in any way to any CDS Transactions or Potential CDS Transactions; provided that the foregoing Released Claims do not include claims based on CDS Transactions or Potential CDS Transactions by Settlement Class Members where such claims involve all of the following three circumstances— the Settlement Class Members are or were not domiciled or located in the United States at the relevant time, their CDS Transactions or Potential CDS Transactions were not in or would not have been in United States commerce, and any claims based on such CDS Transactions or Potential CDS Transactions are or would have been subject only to foreign law; and

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(f)     The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, Class Plaintiffs and the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. Class Plaintiffs and the Releasing Parties acknowledge, and Class Members shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Agreement.

(g)     Subject to Court approvals, Settling Defendant agrees that this Agreement shall be in full and final disposition of any and all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel. Settling Defendant shall release and shall be deemed to have released all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel. In connection therewith, upon the Effective Date of Settlement, Settling Defendant: (I) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Settling Defendant's Claims against Class Plaintiffs and Co-Lead Counsel, regardless of whether Class Plaintiffs execute and deliver a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Settling Defendant's Claim against any Class Plaintiff and Co-Lead Counsel; and (iii) agrees and covenants not to sue any of the Class Plaintiffs and Co-Lead Counsel with respect to any Settling Defendant's Claims or to assist any third party in

17

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

commencing or maintaining any suit against Class Plaintiffs and Co-Lead Counsel related in any way to any Settling Defendant's Claims.

(h)   Settling Defendant may hereafter discover facts other than or different from those which it now knows or believes to be true with respect to the subject matter of Settling Defendant's Claims.  Nevertheless, Settling Defendant shall expressly, fully, finally, and forever settle and release, and upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Settling Defendant's Claims, without regard to the subsequent discovery or existence of such different or additional facts.  Settling Defendant acknowledges and shall be deemed to have acknowledged, that the inclusion of this provision was separately bargained for and was a key element of the Agreement.

(i)   If at any time prior to entry of the Final Judgment and Order of Dismissal, Class Plaintiffs and/or Lead Counsel enter into a settlement with another Defendant in the Action that contains broader releases, applies to a more broadly defined class, or contains other material provisions (other than the Settlement Amount) more favorable to that Defendant than those included in favor of Settling Defendant in this Agreement, and the Court grants approval to such other settlement including its more favorable terms, the Parties agree that this Agreement shall be deemed and agreed to be amended solely for purposes of including or mirroring such additional more favorable terms.

**5.    THE SETTLEMENT FUND**

(a)   Settling Defendant shall pay or cause to be paid the Settlement Amount by wire transfer to the Escrow Agent within fifteen business days following entry of the Preliminary Approval Order.  Before any wire transfer takes place, Co-Lead Counsel shall provide Settling

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Defendant with information necessary to complete the wire transfer. These wire-transferred funds, together with any interest earned thereon in the escrow account from the date of such wire transfer, shall constitute the Settlement Fund. The Settlement Fund shall be established as an escrow account at Signature Bank and administered by the Escrow Agent, subject to approval by the Court.

(b)      Other than payment of the Settlement Amount in accordance with the provisions of Paragraph 5(a) above, neither Settling Defendant nor any of the Released Parties shall have any liability, responsibility, or obligation to pay or reimburse any other amounts to any Person, including but not limited to Class Plaintiffs, Co-Lead Counsel, any Settlement Class Members, or any Releasing Parties in connection with, relating to, or arising out of the Action, the Released Claims, or this Settlement. Settling Defendant shall have no liability, obligation or responsibility whatsoever for making a payment into the Settlement Fund for any other defendant. Settling Defendant shall have no liability, obligation, or responsibility with respect to the investment, allocation, use, disbursement, administration, or oversight of the Settlement Fund.

(c)      The Settlement Fund shall be administered pursuant to this Agreement and subject to the Court's continuing supervision and control. With the sole exception of notice and administration costs described in Paragraph 9, and Taxes as described in Paragraph 10, no monies shall be disbursed from the Settlement Fund prior to the Effective Date and without the specific authorization of the Court, except in the event of termination of this Agreement and return of the Settlement Fund to Settling Defendant pursuant to Paragraph 11(c) below.

(d)      If the Settlement Amount is not timely transferred to the escrow account, Co-Lead Counsel may, at their discretion, (i) immediately move the Court to enforce this Agreement or (ii) terminate the Agreement, if, after Co-Lead Counsel provides notice of their intent to

19

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

terminate, Settling Defendant does not transfer the Settlement Amount to the escrow account within two business days.

(e)     The Settlement Fund shall be invested by the Escrow Agent in short term (up to one year maturity) United States agency or Treasury securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or fully insured by the United States government or an agency thereof, and the proceeds of these instruments shall be reinvested in similar instruments at their then-current market rates as they mature.  In the event that the yield on securities identified herein is negative, in lieu of purchasing such securities, all or any portion of the Settlement Fund held may be deposited in a non-interest bearing account that is fully insured by the Federal Deposit Insurance Corporation.  All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this Paragraph shall be borne by the Settlement Fund.

(f)     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds are either returned to Settling Defendant pursuant to Paragraph 11(c) of this Agreement or distributed subsequent to the Effective Date pursuant to a plan of distribution approved by the Court or pursuant to other orders of the Court.

6.     **PRELIMINARY APPROVAL ORDER, NOTICE, AND FAIRNESS HEARING**

(a)     No later than 60 days following the Execution Date, Co-Lead Counsel shall submit to the Court a motion and supporting papers requesting entry of the Preliminary Approval Order, with Settling Defendant's Counsel to be provided at least seven business days' advance notice of the proposed filings and drafts thereof.  The requested Preliminary Approval Order, in

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

the form attached hereto as Exhibit A, shall include provisions to the following effect, among
others included in Exhibit A:

(i)     Approving a provisional certification of the Settlement Class for purposes of
        settlement only, pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3),
        and declaring that, in the event of termination of this Agreement, certification of
        the Settlement Class shall automatically be vacated and Settling Defendant may
        fully contest certification of any class as if no Settlement Class had been certified;

(ii)    Approving the Settlement set forth in this Agreement as fair, reasonable, and
        adequate within the meaning of Fed. R. Civ. P. 23;

(iii)   Approving the provisional appointment of Class Plaintiffs as Settlement Class
        representatives and Co-Lead Counsel as Settlement Class counsel under Fed. R.
        Civ. P. 23(g) for purposes of the Settlement Class only;

(iv)    Approving the form, contents, and method of dissemination, of: (1) the Notice,
        which shall be mailed via first-class domestic or international mail, as applicable;
        and (2) the Summary Notice, which shall be published once in the national and
        global (Europe and Asia) editions of The Wall Street Journal, once in Investor's
        Business Daily, and once over PR Newswire, or as otherwise determined by Co-
        Lead Counsel in consultation with the Claims Administrator. The Preliminary
        Approval Order shall also direct Co-Lead Counsel to establish and maintain, or
        cause to be established and maintained, a dedicated website from which each
        member of the Settlement Class can view and download relevant documents,
        including the Notice, Summary Notice, and Second Consolidated Amended Class
        Action Complaint;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(v)  Approving the procedures set forth in the Notice for Persons who would otherwise be Class Members to object to or request exclusion from the Settlement Class;

(vi)  Approving the appointment of Signature Bank as Escrow Agent; and

(vii)  Scheduling a final approval hearing with respect to the proposed Settlement for a time and date convenient for the Court, but no earlier than 100 days after the Court's entry of the Preliminary Approval Order, at which hearing the Court will conduct an inquiry into the fairness, reasonableness, and adequacy of this Agreement and address any objections to it, and determine whether this Agreement should be finally approved.

(b)  Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice, subject to the Notice's approval by the Court. Any Person who files such a request shall be excluded from the Settlement Class, shall have no rights with respect to this Agreement, shall receive no payment from the sums provided for in this Agreement, and shall be deemed to have excluded itself from the Action for all purposes, including but not limited to any and all future prosecution of the Action and any and all other settlements reached in connection with the Action. A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants or any of their respective affiliates, unless that information is not within the Person's possession, custody, or control; and

22

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Credit Default Swaps Antitrust Litigation*." To be valid, the request must be mailed to the address provided in the Notice and postmarked not less than 42 days prior to the Fairness Hearing, or any other date set by the Court, in accordance with the procedures and deadlines set forth in the Notice. A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement set forth in this Agreement, if approved.

(c)     Any Person who has not requested exclusion from the Class and who objects to the Settlement set forth in this Agreement may appear in person or through counsel, at that Person's own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant, subject to further order by the Court. However, no such Person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Person shall be received and considered by the Court, unless such Person properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Person desires to appear and be heard, as well as all documents or writings that such Person desires the Court to consider. Such a written objection must be both filed with the Court and mailed to Co-Lead Counsel and Settling Defendant's Counsel not less than 42 days prior to the Fairness Hearing, or any other date set by the Court, in accordance with the procedures and deadlines set forth in the Notice. Any Person who fails to timely object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from

23

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court. Co-Lead Counsel and Settling Defendant shall file any papers in response to any such objection or otherwise in further support of the Settlement within 7 days of the Fairness Hearing.

(d)  If the Preliminary Approval Order is entered by the Court, Co-Lead Counsel and Settling Defendant shall jointly seek entry of a Final Judgment and Order of Dismissal, substantially in the form of Exhibit B attached hereto, that among other things:

(i)  grants final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) solely for the purpose of the Settlement, and attaches a list of Persons who have been excluded from the Settlement Class pursuant to timely and valid Requests for Exclusion;

(ii)  approves finally the Settlement set forth in this Agreement and its terms, which shall be incorporated by reference, as being a fair, reasonable, and adequate settlement as to Class Members within the meaning of Fed. R. Civ. P. 23 and directing its consummation according to its terms;

(iii)  finds that the Notice and Summary Notice constituted due, adequate, and sufficient notice of the Settlement set forth in this Agreement, meeting the requirements of due process and the Federal Rules of Civil Procedure;

(iv)  directs that the Action shall be dismissed with prejudice as to Settling Defendant without costs;

(v)  directs that the releases of any and all Released Claims to be provided by Class Plaintiffs and the other Releasing Parties with respect to the Released Parties shall be deemed effective as of the Effective Date;

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(vi)   orders that Class Plaintiffs and the other Releasing Parties are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims against any Released Party;

(vii)   contains bar order and judgment reduction provisions as set forth below in Paragraphs 7(a) and 7(b);

(viii)   retains with the Court exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of the settlement; and

(ix)   determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs that the judgment of dismissal as to Settling Defendant shall be final and entered forthwith.

## 7.   BAR ORDER AND JUDGMENT REDUCTION

(a)   As an express and material condition of this Agreement, the Court shall enter an order, in the Final Judgment and Order of Dismissal or otherwise, to the extent not prohibited by law, barring claims against the Released Parties for contribution or indemnification (however denominated) for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise by: (i) any of the other Defendants currently named in the Action; (ii) any other Person formerly named in the Action; or (iii) any alleged co-conspirators or any other Person subsequently added or joined in the Action.

(b)   The Parties also agree that the Final Judgment and Order of Dismissal shall provide that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a member of the Settlement Class against any Person subject to the bar order described in Paragraph 7(a) above shall be reduced as provided by applicable law.

25

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

### 8.   FEE AND EXPENSE APPLICATION

(a)     Co-Lead Counsel will submit an application or applications (the "Fee and Expense Application") to the Court for an award of attorneys' fees and expenses and incentive awards to Class Plaintiffs pertaining to this Settlement or pertaining to the Action more generally.  Neither Settling Defendant nor the Released Parties shall have any responsibility for, or liability whatsoever with respect to, any payment of attorneys' fees or expenses to Co-Lead Counsel, or any incentive awards to Class Plaintiffs, which Co-Lead Counsel and Class Plaintiffs shall seek to have paid only from the Settlement Fund or from other sources of funds recovered on behalf of the class.

(b)     Any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal of any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement or the Settlement as to Settling Defendant, or affect the finality or binding nature of any of the releases granted hereunder.

### 9.   NOTICE AND ADMINISTRATIVE COSTS AND ADMINISTRATION OF THE SETTLEMENT

(a)     The Escrow Agent shall be entitled to make pro rata disbursements from the Settlement Fund for purposes of paying costs (other than attorneys' fees) incurred in preparing and providing the Settlement Class Notice and paying other administrative expenses, including expenses of and incurred by the Claims Administrator, provided, however, that (i) prior to the entry of the Final Judgment and Order of Dismissal in no event shall payments be made from the Settlement Fund for a pro rata share of notice and administration costs exceeding $10 million in the aggregate; and (ii) after entry of the Final Judgment and Order of Dismissal but prior to the

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Effective Date, in no event shall payments be made from the Settlement Fund for a pro rata share of administration costs exceeding $15 million in the aggregate.

(b)      Funds expended pursuant to Paragraph 9(a) for Settlement Class Notice and claims administration are not recoverable if this Settlement is terminated or does not become final.

(c)      Co-Lead Counsel shall use their reasonable best efforts to provide a single Settlement Class Notice to Settlement Class Members of all settlements entered into with the Defendants.

(d)      Settling Defendant's pro rata share of notice and administration costs that may be paid out of the Settlement Fund shall be a percentage of the total notice and administration costs, with that percentage calculated as follows: the Settlement Amount paid by Settling Defendant divided by all settlement amounts paid to or for the benefit of the Settlement Class or its members by all Defendants or their affiliates.

(e)      It is anticipated and understood that Co-Lead Counsel and Class Plaintiffs will eventually seek to establish a claims process pertaining to this Settlement or pertaining to the Action more generally, subject to approval by the Court, pursuant to which Settlement Class Members will seek to be included in distributions of funds recovered on their behalf in the Action. Any such claims process shall include required submission of a proof of claim form by each Settlement Class Member, which proof of claim form shall include, *inter alia*, an acknowledgement of, and agreement to, the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized Person. Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

(f)     Settling Defendant shall supply to Co-Lead Counsel in electronic format information that may assist in identifying Settlement Class Members, including names and addresses in its possession, custody or control, that is reasonably available to it, and the retrieval and disclosure of which is clearly permitted by law and would not constitute a substantial burden or expense, for purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlement, all of which information shall be governed by the Stipulated Protective Order entered in the Action on September 18, 2014 (ECF No. 331) and used only for the purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlement.  To the extent any further data or information in Settling Defendant's possession, custody, or control becomes reasonably necessary to the notice or claims administration process, Settling Defendant shall confer with Co-Lead Counsel in good faith regarding the potential provision of that data or information.

(g)     Neither Settling Defendant nor the Released Parties shall have any role in, or responsibility or liability to any Person for, the solicitation, review, or evaluation of proofs of claim by Class Plaintiffs, Co-Lead Counsel, or their designated representatives or agents.

(h)     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of this Agreement and the Settlement, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(i)     All proceedings with respect to the administration, processing, and determination of claims and proof of claims by Settlement Class Members and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

**10.   TAXES**

(a)     The Parties agree that the Settlement Fund is intended to be treated at all times as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1, and agree not to take any position for Tax purposes inconsistent therewith.  The Settlement Fund, less any amounts incurred for Taxes (as defined below), and less any funds expended for Settlement Class Notice and claims administration pursuant to Paragraph 9, plus any accrued interest thereon, shall be returned to Settling Defendant, as provided in Paragraph 11(c), if the settlement does not become effective for any reason, including by reason of a termination of this Agreement pursuant to Paragraphs 11(a) or 11(b).

(b)     The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of Paragraph 10 including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permissible date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing(s) to occur.

(c)     For the purpose of Section 1.468B of the Internal Revenue Code and the Treasury regulations thereunder, the Escrow Agent shall be designated as the "administrator" of the Settlement Fund.  The Escrow Agent shall timely and properly file all income, informational,

29

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns shall be consistent with this Paragraph 10 and in all events shall reflect that all Taxes (as defined below) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

(d)     All: (i) taxes or other similar imposts or charges (including any estimated taxes, interest, penalties, or additions to tax) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1 (or any relevant equivalent for state tax purposes); (ii) other taxes imposed on or in connection with the Settlement Fund (collectively, "Taxes"); and (iii) expenses and costs incurred in connection with the operation and implementation of Paragraph 10 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein ("Tax Expenses")), shall promptly be paid out of the Settlement Fund by the Escrow Agent without prior order from the Court. Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Fund, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)). The Parties agree to cooperate with the Escrow Agent, each

30

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

(e)     Neither the Parties nor their counsel shall have any responsibility for or liability whatsoever with respect to: (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any plan of distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

**11.     REDUCTION OR TERMINATION OF SETTLEMENT**

(a)     Co-Lead Counsel, acting on behalf of Class Plaintiffs and the putative Settlement Class Members, and Settling Defendant shall each have the right to terminate this Settlement in each of their separate discretions by providing written notice to the other of an election to do so ("Termination Notice") within 30 days following any of the following events: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Agreement or any material part of it; (iii) the Court enters an order declining to enter the Final Judgment and Order of Dismissal in any material respect; or (iv) the Final Judgment and Order of Dismissal is modified in any material respect or reversed by a court of appeal or any higher court.

(b)     In the event one or more putative members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class ("Opt-Outs"), the processes set forth in this Subparagraph shall apply.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(i)  Class Plaintiffs shall first provide a list of those Persons, if any, who have filed Requests for Exclusion pursuant to Paragraph 6(b) hereof, together with all such Requests for Exclusion, to Settling Defendant within 5 days of the deadline set by the Court for the filing of Requests for Exclusion. If, after Settling Defendant receives the list of the Opt-Outs, it decides to request some relief, the Parties shall first meet and confer in good faith. If the Parties are unable to reach agreement on what relief, if any, should be provided and Settling Defendant asserts that the total Requests for Exclusion represent a material portion of Covered Transactions and their exclusion would materially reduce the value of the settlement to Settling Defendant, then Settling Defendant may present the issue of appropriate remedy to the Hon. Daniel Weinstein (Ret.) for determination.

(ii)  Judge Weinstein shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the settlement to Settling Defendant by the Requests for Exclusion. If Judge Weinstein in his sole discretion selects some reduction as the appropriate remedy, he may not provide for a reduction in the Settlement Amount greater than a one-to-one ratio: that is, he may not reduce the settlement amount by more than the Opt-Outs would likely have been eligible to receive collectively (but for their exclusion) from the Settlement Fund (assuming all putative class members submitted claims). Judge Weinstein is not required to grant any reduction or to impose a one-to-one ratio if he determines some reduction is appropriate.

(iii)  In the event Judge Weinstein determines some reduction is appropriate, the amount of the reduction shall be paid to Settling Defendant from the Settlement

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Fund, in keeping with its pro rata share of the aggregated settlement amounts paid by all settling Defendants. In other words, any reduction shall respect and not disturb the proportionality of the settlement amounts paid by all settling Defendants.

(iv)   In the alternative to seeking a reduction, Settling Defendant may seek to terminate the Settlement if, upon application from a Settling Defendant, Judge Weinstein (Ret.) determines in his sole discretion that the reduction remedy is not adequate to preserve the essential benefits of the Settlement to Settling Defendant. Any application by Settling Defendant for termination relief under this Paragraph must be made in writing within 14 days following the receipt from Class Plaintiffs of the list of Opt-Outs and accompanying information required to be provided pursuant to Subparagraph 11(b)(i) hereof, or within 7 days of a determination on the reduction remedy by Judge Weinstein, whichever is later. If termination relief is granted to Settling Defendant, any termination shall be effected solely in accordance with the termination provisions of this Agreement.

(c)   Except as otherwise provided herein, in the event the Settlement is terminated in accordance herewith, then the Parties to this Agreement shall be deemed to have reverted to their respective status in the Action as of the Execution Date, any certification of the Settlement Class shall be deemed to be vacated automatically, and the Parties shall proceed in all respects as if this Agreement and any related orders had not been entered; provided, however, that in the event of termination of this Settlement, Paragraphs 3(b), 10, 11(c), and 15 shall nonetheless survive and continue to be of effect and have binding force. Within five business days following any notice of termination being delivered to the Escrow Agent, the Settlement Fund shall be returned in its

33

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

entirety to Settling Defendant (including any accrued interest thereon), less any Taxes due and

expenditures made of notice and administrative costs pursuant to Paragraph 9, if any.  At the

request of Settling Defendant's Counsel, the Escrow Agent shall apply for any tax refund owed

on the Settlement Fund and pay the proceeds to Settling Defendant.

### 12.   RESERVATION OF CLASS MEMBERS' RIGHTS AGAINST OTHER DEFENDANTS

All rights of any Settlement Class Member against any other Person other than Settling

Defendant and the other Released Parties are specifically reserved by Class Plaintiffs and the

Settlement Class Members, including against other Defendants to the Action.  CDS Transactions

entered into with Settling Defendant as a market maker shall, to the extent permitted and/or

authorized by law, and to the extent consistent with the claims asserted in the Action and the

definition of any class(es) that may be certified by the Court against other Defendants, remain in

the case against the other Defendants in the Action as a potential basis for damage claims and

shall be part of any joint and several liability claims against the other Defendants in the Action or

any other Persons other than the Released Parties.

### 13.   GOOD FAITH EFFORTS TO EFFECTUATE THIS SETTLEMENT AGREEMENT

The Parties agree to cooperate with one another in good faith to effectuate and implement

the terms and conditions of this Agreement and to exercise their reasonable best efforts to

accomplish the terms of this Agreement.  This includes Settling Defendant's serving notice on

those entities required to receive notice pursuant to 28 U.S.C. § 1715.

### 14.   COOPERATION OBLIGATIONS

(a)     In the event that all Defendants do not agree to settle this case, or in the event any

Defendant terminates its settlement agreement, and litigation of the action against a Defendant

34

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

therefore continues, Settling Defendant agrees to provide the reasonable cooperation described in this Paragraph, as reasonably requested by Co-Lead Counsel.  In the event Co-Lead Counsel believes that Settling Defendant has failed to perform any of its cooperation obligations, the sole remedy shall be to seek specific performance.

(b)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and if clearly permitted by law and doing so would not constitute a substantial burden or expense, Settling Defendant shall provide declarations or certifications to establish in discovery, and if necessary at trial that, if believed to be true and accurate, that the document, ESI, or data previously produced by Settling Defendant is genuine, authentic, and a record of a regularly conducted activity pursuant to Fed. R. Evid. 803(6), which Co-Lead Counsel identify as necessary for summary judgment and/or trial.

(c)     Upon reasonable notice, Settling Defendant shall undertake to make available for deposition in this Action, at a time and place convenient to the witness, up to four (4) current or former employees, provided however, that Settling Defendant's only obligation with respect to former employees shall be to reasonably seek their voluntary appearance for deposition.

(d)     Upon reasonable notice, to the extent reasonably requested by Co-Lead Counsel, and if clearly permitted by law and doing so would not constitute a substantial burden or expense, Settling Defendant shall undertake reasonable efforts to make available for testimony at trial in this Action up to four (4) witnesses who were represented in deposition by Settling Defendant's counsel, whether such depositions occurred before or after the Parties entered into this Agreement.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

**15.   MISCELLANEOUS**

(a)   All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein and are material and integral parts hereof.

(b)   The Parties agree that the amount paid and the other terms of the settlement were negotiated at arm's-length in good faith by the Parties, with the assistance of a nationally-recognized mediator, the Hon. Daniel Weinstein (Ret.), and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

(c)   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

(d)   The administration and consummation of the Settlement as embodied in this Agreement shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering all orders relating to matters addressed in this Agreement and enforcing the terms of this Agreement.

(e)   For the purpose of construing or interpreting this Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

(f)   This Agreement shall constitute the entire, complete, and integrated agreement between the Parties pertaining to the settlement of the Action against Settling Defendant and supersedes any and all prior negotiations and agreements, and is not subject to any condition not explicitly provided for in this Agreement itself. All of the Exhibits to this Agreement are material and integral parts of it and are incorporated by reference as if fully set forth herein. All terms of this Agreement are contractual and not mere recitals. In entering into and executing this Agreement, each of the Parties respectively warrants that it is acting upon its respective

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

independent judgments and upon the advice of its respective counsel, and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Person, other than the warranties and representations expressly made in this Agreement. The terms of this Agreement are and shall be binding upon each of the Parties hereto, their heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

(g)      The terms of this Agreement are not severable, but are interdependent and have been agreed to only as a whole by the Parties.

(h)      This Agreement may be modified or amended only by a writing executed by Co-Lead Counsel, on behalf of Class Plaintiffs and the Settlement Class Members, and Settling Defendant's Counsel, on behalf of Settling Defendant.

(i)      Nothing in this Agreement constitutes an admission by Settling Defendant as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendant, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only. This Agreement is without prejudice to the rights of Settling Defendant to: (i) challenge the Court's certification of any class, including the Settlement Class, in the Action should the Agreement not be approved or implemented for any reason; and/or (ii) oppose any certification or request for certification in any other proposed or certified class action. The Agreement, and all negotiations, documents, and discussions associated with it, shall be without prejudice to the rights, positions, or privileges of Settling Defendant or any other Released Party (except as expressly provided for in this Class Settlement Agreement), and shall not be construed as, or deemed to be, an

37

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

admission or evidence on the part of Settling Defendant or any Released Party of any violation of any statute, regulation, law, rule, or principle of common law or equity, or of any liability or wrongdoing, or of the truth or merit of any allegations or claims in this Action, and shall not be discoverable, used, offered, or accepted, directly or indirectly, as evidence of such in this Action or any other action, litigation, arbitration, or other proceeding, and shall have no precedential value; provided, however, that nothing contained herein shall preclude use of this Agreement in any proceeding to enforce this Agreement or the Final Judgment and Order of Dismissal.

(j)     Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, and Settling Defendant agree that neither this Agreement nor any statement made in negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendant or of the truth of any of the claims or allegations alleged in the Action.

(k)     All terms of this Agreement shall be governed by and interpreted according to the substantive laws of New York without regard to its choice-of-law principles.

(l)     The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.  If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

(m)     Each of the Released Parties is intended to be and is a third-party beneficiary of this Agreement and is authorized to enforce the provisions of this Agreement, including without limitation the release of Released Claims against the Released Parties and covenant not to sue the

38

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

Released Parties, and such other provisions of this Agreement as are applicable to each Released Party.

(n)     Settling Defendant, Class Plaintiffs, Co-Lead Counsel, and the Settlement Class Members hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York, for any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement, including, without limitation, any suit, action, proceeding, or dispute relating to the release provisions herein.  If any such dispute arises, the Parties shall attempt to resolve such dispute through mediation before the Hon. Daniel Weinstein (Ret.) before raising it with the Court.

(o)     It is anticipated that Co-Lead Counsel and Class Plaintiffs will eventually submit to the Court a plan of distribution with respect to any funds recovered by them, through settlements or judgments, on behalf of the Settlement Class members, including distribution of the Settlement Fund at some time following the Effective Date.  A plan of distribution is not a term of this Agreement, and it is not a condition of this Agreement that any particular plan of distribution be approved.  Any plan of distribution is a matter separate and apart from the settlement between the Parties and any decision by the Court concerning a plan of distribution shall not affect the validity or finality of the proposed settlement.  Settling Defendant shall have no responsibility, obligations, or liabilities whatsoever with respect to any plan of distribution or implementation thereof, or with respect to any other administration or distribution of the Settlement Fund.

(p)     This Agreement may be executed in counterparts by or on behalf of the Parties, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

(q)     Class Plaintiffs and Settling Defendant acknowledge that they have been represented by counsel and have made their own investigations of the matters covered by this Agreement to the extent they have deemed it necessary to do so. Therefore, Class Plaintiffs and Settling Defendant and their respective counsel agree that they will not seek to set aside any part of this Agreement on the grounds of mistake. Moreover, Class Plaintiffs and Settling Defendant and their respective counsel understand, agree, and expressly assume the risk that any fact may turn out hereinafter to be other than, different from or contrary to the facts now known to them or believed by them to be true, and further agree that this Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

(r)     Any notice or materials to be provided to the Class Plaintiffs or Co-Lead Counsel pursuant to or relating to this Agreement shall be sent to Daniel L. Brockett and Bruce L. Simon, at the addresses listed below, and any notice or materials to be provided to Settling Defendant pursuant to or relating to this Agreement shall be sent to David G. Januszewski, at the address listed below.

(s)     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval, and the undersigned Co-Lead Class Counsel represent that they are authorized to execute this Agreement on behalf of Class Plaintiffs and, subject to Court Approval, on behalf of the Settlement Class.

*SETTLEMENT COMMUNICATION*
*SUBJECT TO FEDERAL RULE OF EVIDENCE 408 AND COMPARABLE STATE RULES*

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have agreed to this Agreement as of the date first herein written above.

*On behalf of Class Plaintiffs*
*and the Settlement Class:*

*On behalf of Barclays Bank PLC:*

_____
DANIEL L. BROCKETT
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
Fax: (212) 849-7100
danbrockett@quinnemanuel.com

_____
DAVID G. JANUSZEWSKI
CAHILL GORDON & REINDEL LLP
80 Pine Street
New York, New York 10005
Telephone: (212) 701-3000
Fax: (212) 269-5420
djanuszewski@cahill.com

_____
BRUCE L. SIMON
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, California 94104
Telephone: (415) 433-9000
Fax: (415) 433-9008
bsimon@pswlaw.com

41