UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
:
IN RE CREDIT DEFAULT SWAPS ANTITRUST :
LITIGATION : 13 Md. 2476 (DLC)
:
This Document Relates To: All Actions :
:
:
:
------------------------------------------------------------------ x

# [PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES

Class Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards (Dkt. Nos. 480, 507; together, the "Fee and Expense Application") came before the Court for hearing on April 15, 2016. The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the April 15 Fairness Hearing. Adequate notice having been given to the Settlement Class as required by the Court's October 29 and November 4, 2015 Orders Preliminarily Approving the Settlements and Providing for Notice to the Settlement Class (Dkt. Nos. 465, 468; together, the "Preliminary Approval Order"), and having considered all papers and proceedings in this matter, the Court finds, concludes, and orders as follows:

1. This Order incorporates by reference the definitions in the Stipulations and Agreements of Settlement (Dkt. No. 445, Exs. 1–14; collectively, the "Settlement Agreements") and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreements.

1

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. Notice of the Fee and Expense Application was provided to 13,923 potential class members in a reasonable manner, and such Notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

4. Settlement Class members were given the opportunity to object to the Fee and Expense Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure.

5. No member of the Settlement Class objected to the Fee and Expense Application.

6. The Fee and Expense Application is granted as described below.

7. Class Counsel are hereby awarded attorneys' fees in the amount of $253,758,000 (approximately 13.61% of the total Settlement Fund) and $10,181,190.76 in expenses.

8. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement Agreements have created a Settlement Fund of $1,864,650,000 in cash that has been transferred to an escrow account administered by Escrow Agent Signature Bank for the benefit of the Settlement Class pursuant to the terms of the Settlement Agreements;

    b. Settlement Class Members who submit acceptable proof of claim forms will benefit from the Settlement Agreements because of the efforts of Class Counsel and class representatives;

    c. The fee sought by Class Counsel is fair and reasonable, as supported by the determinations of the sophisticated investors that were substantially involved in the prosecution of this Action;

      d.      The fee sought by Class Counsel abides by the sliding fee schedule negotiated by lead plaintiff Los Angeles County Employees Retirement Association ("LACERA") at the outset of this Action;

      e.      The Notice mailed to all potential class members stated that Class Counsel could seek attorneys' fees of up to 14% of the Settlement Fund, and further directed class members to a website on which the full Fee and Expense Application was accessible as of January 29, 2016, and no objections to the fee and expense provision of the Settlement Agreements or Fee and Expense Application were made;

      f.      Class Counsel have prosecuted the Action with skill, perseverance, and diligence, as reflected by the substantial Settlement Fund achieved and the positive reception of the Settlement Agreements by the Settlement Class;

      g.      The Action involved complex factual and legal issues that were extensively researched and developed by Class Counsel, and vigorously disputed in briefing, discovery, and mediation for over two years;

      h.      Had the Settlement Agreements not been achieved, a significant risk existed that Plaintiffs and class members may have recovered significantly less or nothing from Defendants;

      i.      Public policy considerations support the requested fee, as only a small number of firms have the expertise and resources to successfully prosecute cases such as the Action; and

      j.      The amount of attorneys' fees awarded and expenses reimbursed is appropriate to the specific circumstances of the Action ~~and consistent with awards in similar cases~~. /s/ dlc

9. Class Counsel shall allocate the awarded attorneys' fees and expenses among Class Counsel and Associated Counsel in a manner in which, in their judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

10. Pursuant to sections 8(a) and (b) and section 15(o) of the Settlement Agreements,[1] and paragraph 17 of the Court's Preliminary Approval Order, this fee and expense award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and is also independent of the Court's consideration the Plan of Distribution. The fees and expenses awarded herein shall be payable from the Settlement Fund upon entry of this Order.

11. Class representative LACERA is hereby awarded $200,000 from the Settlement Fund in recognition of its contributions and reasonable expenses related to the Action on behalf of the Settlement Class.

12. Class representative Salix Capital US Inc. is hereby awarded $193,700 from the Settlement Fund in recognition of its contributions and reasonable expenses related to the Action on behalf of the Settlement Class.

DATED: New York, New York
April 18, 2016

DENISE COTE
UNITED STATES DISTRICT JUDGE

---

[1] These provisions are contained in each agreement. The relevant language that appears in thirteen of the Settlement Agreements at section 8 is contained in the Agreement between Plaintiffs and Defendant International Swaps and Derivatives Association ("ISDA") at section 9. See Dkt. No. 445-9. Similarly, the provisions of section 15(o) of all other Settlement Agreements appear in section 16(o) of the Agreement between Plaintiffs and ISDA.

4